IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**BRUCE SARGENT**                                                                                    **PLAINTIFF**

**VS.**                                    **CASE NO.  4:06CV0001173 JMM**

**FARMERS INSURANCE EXCHANGE, ET AL.**                                **DEFENDANTS**

**ORDER**

Pending before the Court is defendants' Petition For Attorney's Fees and Costs.  For the reasons stated below, the motion is granted (#5).

Plaintiff originally filed his complaint on April 11, 2003 styled *Bruce Sargent v. Farmers Insurance Exchange, et al.,* United States District Court, Eastern District of Arkansas, Case No. 4:03CV00255 JMM ("*Sargent I*").   After a trial held on July 25 through July 28, 2005, the case was submitted to the jury on interrogatories.  The jury was asked to decide (1) whether race was a determining factor in the termination of plaintiff's contract and (2) whether race was a motivating factor in the termination of plaintiff's contract.  The jury answered no to the first question, but was unable to reach a unanimous verdict on the second.  The Court declared a mistrial and scheduled a new trial for October 11, 2005.

On September 19, 2005, plaintiff moved to voluntarily dismiss his complaint without prejudice.  Defendants opposed the dismissal without prejudice contending that any delay in trying the case would result in additional fees and costs because counsel and witnesses would have to refresh their memories and refamiliarize themselves with the case.

By Order dated September 21, 2005, the Court dismissed plaintiff's complaint without prejudice, but Ordered that "Plaintiff will be required to pay certain costs and attorneys fees associated with the defense of his action should he re-file his compliant."  Plaintiff refiled his

complaint on September 7, 2006, approximately one year from the previous trial.

Defendants filed the instant motion on December 27, 2006 contending that pursuant to the Court's Order of September 21, 2005, they were entitled to attorneys' fees and costs incurred in defending this action. Defendants provided the Court with their expenses and costs for defending *Sargent I*.

Plaintiff contends that attorney's fees cannot be awarded absent statutory authorization. Plaintiff cites 42 U.S.C. § 1981 and § 1988 as authority for the award of attorneys' fees, but argues that under these statutes, fees may not be awarded to defendants as they were not the prevailing party. Plaintiff additionally contends that Local Rule B-3 would not allow the award of fees as such fees are not recoverable under the law. Alternatively, plaintiff states that even if the Court were to enforce its September 21, 2005 Order, defendants have failed to meet their burden of proof that they will be prejudiced by the refiling of plaintiff's complaint.

Federal Rule of Civil Procedure 41 gives the Court authority to order the payment of attorney's fees and costs. *See* Fed. R. Civ. P. 41(a)(2) and (d). The Court finds that an award of attorneys' fees in the amount of $1,000.00 and an award of costs in the amount of $500.00 are appropriate based upon defendants' evidence regarding additional preparation by the attorneys and additional expenses in locating witnesses who were readily available in October of 2005.

IT IS SO ORDERED THIS   7   day of   February  , 2007.

_____
James M. Moody
United States District Court