THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BRUCE SARGENT                                                                                           PLAINTIFF

VS.                              CASE NO. 4:06CV001173 JMM

FARMERS INSURANCE EXCHANGE, ET AL.                                          DEFENDANTS

### ORDER

Defendants have filed two motions *in limine* in anticipation of trial in the above styled case.

I. *Defendants' Motion in Limine to Exclude Joyce A. Walker as an Expert Witness*

Defendants have filed a motion *in limine* seeking to exclude Joyce A. Walker as an expert witness under Rule 702 of the Federal Rules of Evidence and to exclude Ms. Walker's report as hearsay because it does not fall within any exception to Rule 801 of the Federal Rules of Evidence. Defendants contend that Ms. Walker's admission that she is not an expert and "that she has not published or done research" in the area of her alleged expertise is sufficient to disqualify her as an expert. Further defendants contend that even if she were to testify as an expert, her report would not be admissible because reports generated by a party's expert constitute inadmissible hearsay.

Plaintiff responds by contending that Ms. Walker's education, practical experience and knowledge in the field of psychological counseling establishes that she is qualified as an expert witness. Plaintiff also contends that (1) Ms. Walker's report is part of plaintiff's medical records and thus fall within the medical records exception to the hearsay rule; (2) that Ms. Walker created these documents and should be able to use them to testify; and (3) report and medical records are exempt under the business records exception to the hearsay rule found in Rule 806(6).

The Court finds that (1) plaintiff has burden of proving at trial that Ms. Walker is a qualified expert witness; (2) at present, the evidence is that Ms. Walker does not profess to be an expert in anxiety and depression disorders; and (4) Ms. Walker's report is hearsay and not admissible. These rulings are without prejudice to plaintiff presenting additional foundation evidence at trial which might allow Ms. Walker to testify as an expert.

II. *Defendants' Motion in Limine to Exclude Testimony of Mark Perry*

Plaintiff seeks to exclude the testimony of Mark Perry who they anticipate will offer evidence as to allegations of misconduct pertaining to Agent Allen Kerr. It is defendants' position that evidence regarding allegations of misconduct and Kerr's subsequent the treatment are wholly unrelated to the allegations against plaintiff or his subsequent treatment, and that plaintiff and Kerr are not similarly situated.

Plaintiff's contend that he and Kerr were similarly situated in that they both had the same supervisor, were subjected to the same standards, and that Kerr engaged in poor business practices to increase his profits, but was not terminated. Plaintiff argues that defendant alleges that plaintiff engaged in poor business practices which led to his termination making the

evidence regarding the treatment of Kerr relevant.

The Court finds the evidence offered by Mr. Perry to be relevant and the evidence is not unfairly prejudicial.  Moreover, defendant will have an opportunity to rebut the evidence.

III.  *Conclusion*

Defendants' motion to exclude the testimony of Mark Perry is denied (#35).  Defendants' motion to exclude the testimony of Joyce Walker as an expert witness is denied in part and granted in part (# 39).

IT IS SO ORDERED this  9  day of June, 2008.

                                              James M. Moody
                                              United States District Judge